**DUFFYAMEDEO LLP**
275 Seventh Avenue, 7th Floor
New York, NY 10001
Tel: (212) 729-5832
Todd E. Duffy
Douglas A. Amedeo
*Proposed Counsel to Debtor Fuigo LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :    Case No. 19-XXXXX (XX)
In re                                                        :
                                                             :
FUIGO LLC                                                    :    Chapter 11
                                                             :
                    Debtor.                                  :
                                                             :
-------------------------------------------------------------x

# CERTIFICATION OF MAURY RIAD PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Maury Riad, under penalty of perjury, certifies as follows:

1. I am Chief Executive Officer of Fuigo LLC, the debtor and debtor-in-possession herein (the "Debtor"), and fully familiar with the facts set forth herein. This certification is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court.

2. On August 16, 2019 (the "Petition Date"), the Debtor filed a voluntary Chapter 11 Petition pursuant to 11 U.S.C. § 101 et seq, (the "Bankruptcy Code") and continues to operate its business as a debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code.

**Local Rule 1007-2(a)(1)**

3. The Debtor is a New York limited liability corporation established in 2015. The Debtor provides workspaces designed specifically for interior designers and architects, and, upon information and belief, was the innovator of the concept. The Debtor provides its design and architecture clients physical workspaces configured specifically for the design business, along with the Debtor's own project management software, and its privileged connections to a trade-only marketplace, which allows individual designers access to suppliers otherwise unavailable to them. The Debtor's income is derived from rental payments from clients for design spaces ("Rent"), subscription fees for its project management software ("Software Fees"), and commissions earned from vendors when clients patronize their services ("Marketplace Commissions").

4. The Debtor leases premises at two locations. The Debtor leases from 304 PAS Owner LLC, pursuant to a lease agreement, dated April 27, 2015, the entire 7th floor at 304 Park Avenue South, New York, New York (the "NYC Location"). The Debtor also leases from Bridge Street Commercial, LLC, pursuant to a lease agreement, dated December 18, 2018, Suite 130 at One Bridge Street, Irvington, New York (the "Irvington Location").

5. Over the four years of its existence, the Debtor has struggled to attract sufficient clients interested in renting its physical design spaces at the NYC Location. The cost of providing these spaces is far and away the primary financial cost of the Debtor's business, and the failure to maintain a sufficient client base for the physical spaces has proved a fatal flaw in the Debtor's business plan. The Debtor believes that it can continue its business by reorganizing itself into an online business, offering its proprietary project management software—which is its primary asset—and continuing to earn the Marketplace Commissions. This Chapter 11 case has

been filed to enable the Debtor to reorganize its financial affairs and permit it to make a fresh start to allow it to transition to an entirely electronic model.

**Local Rule 1007-2(a)(2)**

6. This case was not originally commenced under Chapter 7 or Chapter 13.

**Local Rule 1007-2(a)(3)**

7. No committee was organized prior to the Petition Date.

**Local Rule 1007-2(a)(4)**

8. A list containing the names and addresses of what I believe to be the twenty largest unsecured creditors, excluding insiders, has been filed with the Debtor's Chapter 11 Petition.

**Local Rule 1007-2(a)(5)**

9. The holders of the secured claims are set forth in Schedule D to the Chapter 11 Petition.

**Local Rule 1007-2(a)(6)**

10. A summary of Debtor's assets and liabilities are set forth in Schedules A, B, D, E, and F to the Chapter 11 Petition.

**Local Rule 1007-2(a)(7)**

11. LBR 1007-2(a)(7) is not applicable, since Debtor is not a public company.

**Local Rule 1007-2(a)(8)**

12. To the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

**Local Rule 1007-2(a)(9)**

13. The Debtor maintains its principal place of business at the NYC Location, which it leases, and leases additional space at the Irvington Location.

**Local Rule 1007-2(a)(10)**

14. The Debtor's principal physical assets are located at the NYC Location. The Debtor's intellectual property, consisting of its software, are not physical assets and so not located in a physical location.

**Local Rule 1007-2(a)(11)**

15. The Debtor is not party to any action or proceeding. By letter dated August 12, 2019, the landlord of the NYC Location issued a notice of default for unpaid rent and charges, and that letter threatened the initiation of civil proceedings.

**Local Rule 1007-2(a)(12)**

16. I serve as the Debtor's CEO and am the sole member of its senior management. I founded the Debtor in 2015 and have been the manager of the Debtor's business since its inception. I have a background of over twenty-two years in the interior design business.

**Local Rule 1007-2(b)(1)**

17. The estimated amount of payroll due to the Debtor's employees, exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the Petition is $ 25,000.

**Local Rule 1007-2(b)(2)**

18.     The amount to be paid for services for the next thirty days to officers, directors, stockholders is $0.

**Local Rule 1007-2(b)(3)**

19.     The estimated revenues and disbursements for the thirty day period following the filing of the Chapter 11 Petition:

| | |
|---|---|
| Estimated Cash Receipts: | $34,000.00 |
| Estimated Cash Disbursements | $30,000.00 |
| Net Cash Gain or Loss | $4,000.00 |
| Obligation accrued but not paid | $114,000 |
| Receivables accrued but not paid | $0 |

Dated: New York, New York
       August 16, 2019

_____
Maury Riad
As Chief Executive Officer