**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

        FUIGO LLC,

                     Debtor.

NOT FOR PUBLICATION

Case No. 19-12662 (MG)

Chapter 11

**MEMORANDUM OPINION SUSTAINING DEBTOR'S OBJECTION AND**
**EXPUNGING CLAIM NO. 4-1 OF CANON FINANCIAL SERVICES, INC.**

*A P P E A R A N C E S:*

DUFFYAMEDEO LLP
*Counsel to Debtor and Debtor in Possession*
275 Seventh Avenue, 7th Floor
New York, NY 10001
By:   Todd E. Duffy, Esq.
        Douglas A. Amedeo, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

      Pending before the Court is the objection of Fuigo LLC (the "Debtor") to Claim No. 4-1 (the "Canon Claim") filed by Canon Financial Services, Inc. ("Canon") pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007. ("Objection," ECF Doc. # 68.) The Objection was served on Canon via U.S. Mail. ("Certificate of Service," ECF Doc. # 70.) The Debtor's Objection is unopposed. For the following reasons, the Objection is **SUSTAINED**, expunging the Canon Claim in full.

                             **I.    BACKGROUND**

    **A.**    **Procedural History**

      On August 16, 2019 (the "Petition Date"), the Debtor filed a voluntary chapter 11 petition which designates the Debtor as a small business debtor as defined in section 101(51D). (ECF Doc. # 1 at 2.) The Debtor continues in possession of its property and manages its business as a

debtor in-possession. ("Riad Declaration," ECF Doc. # 1-1 ¶ 2.) No official committee of unsecured creditors has been appointed.

### B. The Canon Claim

On or about December 17, 2018, Canon and the Debtor entered an equipment lease (the "Lease"), whereby Fuigo leased two photocopy machines (the "Copiers") from Canon for sixty (60) months, along with equipment maintenance services. (Objection ¶ 3.) A copy of the Lease is annexed as Exhibit A to Claim 4-1. ("Lease," Objection, Ex. A at 5–12.) While the Lease does not specify an end date, a term of sixty months starting from December 2018 would end December 2023. (Objection ¶ 3.) On November 15, 2019, Canon filed the Canon Claim as an unsecured non-priority claim in the amount of $91,215.23, comprised of the balance of *future* remaining payments under the Lease of $70,716.23, and the "estimated equipment value" of $20,500. (*Id.* ¶¶ 4, 5.) The Schedule attached to the Canon Claim indicates a $0.00 balance for lease payment arrears. (*Id.*, Ex. A at 4.)

### C. The Objection

The Debtor's Objection seeks to expunge the Canon Claim in its entirety. (Objection at 4.) The Debtor argues that the Canon Claim should be expunged pursuant to Bankruptcy Code section 502(b) because Canon has failed to assert any legitimate and non-hypothetical prepetition claim. (*Id.* ¶ 11.) The Lease is an executory contract with no prepetition arrears; it has not been rejected thus far so no rejection damages can be asserted. (*Id.* ¶ 7.) The Debtor retains the right to continued possession of the Copiers, and further retains the right to purchase the Copiers at the end of the Lease term. (Lease § 1.3.) Therefore, the Debtor maintains that Canon has no basis to assert an unsecured claim against the Debtor's estate for the value of the equipment. (Objection ¶ 7.)

While the Lease contains an *ipso facto* clause that seemingly would permit Canon to terminate the contract when "a petition or proceeding is . . . filed . . . under any bankruptcy or insolvency law" (Lease § 7), the Debtor argues that this clause is unenforceable under section 365(e) of the Bankruptcy Code.  (Objection ¶¶ 8, 9.)  Lastly, the Debtor argues that expunging the Canon Claim will not prejudice Canon's rights to file a new claim should the Debtor reject the Lease.  (*Id.* ¶ 12.)  There is language in the proposed order attached to the Objection protecting Canon's right to this additional claim.  ("Proposed Order," ECF Doc. # 68 at 10.)

## II.    LEGAL STANDARD

### A.    Allowance or Disallowance of a Claim

Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim" to claim an interest in a debtor's bankruptcy estate.  11 U.S.C. § 501(a).  Section 502(a) provides that a claim or interest, properly filed, "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Under section 502, if an objection is made, the court shall determine the amount of such claim "as of the filing date."  *In re Solutia, Inc.*, 379 B.R. 473, 483 (Bankr. S.D.N.Y. 2007) (citation omitted).  Section 502(b)(1) provides that a claim may be disallowed if it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy courts look to "applicable nonbankruptcy law" to determine whether a claim is allowable by law.  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

"The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes *prima facie* evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)." 4 COLLIER ON BANKRUPTCY ¶ 502.02[3][e] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2019). Under Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a *prima facie* case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. *Id.* ¶ 502.02. If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." *Id.* ¶ 502.02[3].

"To overcome this *prima facie* evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak* (*In re Reilly*), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the *prima facie* case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust* (*In re Motors Liquidation Co.*), No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (laying out identical burden-shifting framework).

### B. Executory Contracts and *Ipso Facto* Clauses

Subject to the court's approval, a debtor may reject an unexpired lease or executory contract and proceed as if the lease had been breached, thereby prompting the lessor to file a proof of claim to recover damages. *See* 11 U.S.C. §§ 365(a), (g). If a contract is not assumed, the breach is measured and damages calculated as of the time "immediately before the date of the

4

filing of the petition . . . ." *Id.* § 365(g)(1). In a case under chapter 11, the debtor "may assume or reject an executory contract or unexpired lease . . . at any time before the confirmation of a plan." 11 U.S.C. § 365(d)(2).

Section 365(e)(1) "prevents an executory contract or lease from being automatically terminated or modified by virtue of the other party's filing for bankruptcy" in order to "protect the right of the bankruptcy estate to adopt, reaffirm and continue a contract or lease where this will serve the estate's interests." *See Liberty Mut. Ins. Co. v. Greenwich Ins. Co.*, 417 F.3d 193, 198 (1st Cir. 2005). Section 365(e)(1) of the Bankruptcy Code provides that:

> [n]otwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case solely because of a provision in such contract or lease that is conditioned on- . . . (B) the commencement of a case under this title. . . .

11 U.S.C. § 365(e)(1). Whether a bankruptcy default clause should be treated as an invalid *ipso facto* clause depends on whether the contract at issue is an executory contract or an unexpired lease. *Ipso facto* clauses are *per se* invalid when included in executory contracts. *See In re General Growth Props.*, 451 B.R. 323, 330 (Bankr. S.D.N.Y. 2011). "Section 365(e) has also been held to preempt contrary provisions of state law that purport to release the non-debtor from a contract upon bankruptcy filing." 4 COLLIER ON BANKRUPTCY ¶ 365.08[1] (16th ed. 2019). "Consequently, the trustee or debtor in possession may deal with such a contract or lease under section 365, notwithstanding a clause triggered by these events." *Id.*

### III.  DISCUSSION

The Canon Claim was *prima facie* valid when filed. *See In re Reilly*, 245 B.R. at 773. After the Debtor objected to the Canon Claim with a *bona fide* legal argument, the burden shifted back to Canon to offer evidence supporting the validity of their claim. *Id.* By failing to respond

5

to the Objection, Canon did not meet its burden to prove that the Canon Claim should be allowed.

Here, the Canon Claim was filed as an unsecured claim with no legal basis for asserting it. (Claims Register, Claim 4-1.) The Schedule attached to the Canon Claim expressly states that there are no prepetition arrears and that the claim is only for future payments. (Objection, Ex. A at 4.) There are no rejection damages because the Debtor has not yet rejected the Lease. (Objection ¶ 7.) And the Debtor retains the right to assume the Lease prior to the confirmation of a plan. Therefore, until the Lease is rejected. Canon does not have a basis to assert a claim under section 365(g). *See* 11 U.S.C. § 365(g).

Section 365(e) prevents Canon from automatically terminating or modifying the contract upon the Debtor's filing for bankruptcy. 11 U.S.C. § 365(e). Since the Debtor still has time to reject or assume the Lease, Canon has no legal basis to assert its $70,716.23 claim for the remaining Lease term.

Canon also asserts a $20,500 claim for the estimated equipment value as part of the end of Lease purchase option. (Objection, Ex. A at 4.) The Lease provides that the Debtor has until the end of the term to purchase the Copiers, but the Lease term has not expired. (Lease § 1.3.) Since the Debtor still has the right to purchase or return the Copiers, Canon does not have a claim for the Copiers' value.

19-12662-mg    Doc 78    Filed 07/28/20    Entered 07/28/20 16:26:10    Main Document
                                       Pg 7 of 7

## IV.    CONCLUSION

For the reasons discussed above, the Debtor's Objection to the Canon Claim is **SUSTAINED** and the Canon Claim is **EXPUNGED**.

**IT IS SO ORDERED.**

Dated: July 28, 2020
       New York, New York

                                              ___*Martin Glenn*___
                                              MARTIN GLENN
                                              United States Bankruptcy Judge